**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| TONY JACKSON, | : | |
| Petitioner | : | |
| VS. | : | |
| BRIAN OWENS, Comm'r, GDOC, | : | NO. 5:10-CV-478 (MTT) |
| Respondent | : | |
| _____ | : | **O R D E R** |

Before the Court is petitioner **TONY JACKSON'S** motion for reconsideration of this Court's December 13, 2010 order (Tab # 7). In said order, the Court dismissed without prejudice petitioner's 28 U.S.C. § 2254 petition because he had failed to exhaust his state court remedies. The crux of petitioner's habeas petition was that he is entitled to be placed in a work release program, which the Georgia Board of Pardons and Paroles (the "Board") had concluded would support petitioner being released on parole. As this Court instructed petitioner in its December 13 order, exhaustion requires that he both pursue a mandamus action against the Board or the Georgia Department of Corrections' Commissioner in the applicable superior court and appeal any adverse judgment to the Georgia Supreme Court.

In his motion for reconsideration, petitioner states that he has filed a mandamus action in the Superior Court of Fulton County, but that court refuses to set a hearing date. Petitioner asks this Court to compel the Superior Court of Fulton Court to hold a hearing on petitioner's mandamus action.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Moreover, this Court's Local Rule 7.6 provides that motions to reconsider are generally disfavored and must be filed within fourteen (14) days of judgment. This Court entered its judgment in petitioner's case on December 13, 2010. It received petitioner's motion for reconsideration on May 6, 2011. Petitioner's motion is therefore untimely under the above rules.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court may relieve a party from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." **Griffin v. Swim-Tech Corp.**, 722 F.2d 677, 680 (11th Cir. 1984).

This Court finds that petitioner has made no intelligible allegations that would justify relief under Rule 60(b)(1)-(5) and has made no showing of exceptional circumstances as required for relief under clause (b)(6). Accordingly, this Court will not revisit its previous dismissal of petitioner's case. In any event, this Court has no power to compel action by a state judicial officer. **See e.g.**, **Moye v. Clerk, DeKalb County Superior Court**, 474 F.2d 1275, 1275-76 (5th Cir.1973).

In light of the foregoing, petitioner's motion to reconsider is hereby **DENIED**.

**SO ORDERED**, this 10th day of May, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr